UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,               )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )          No. 3:25-CR-133-TAV-DCP
                                        )
ALTON TRAVOYE ROBERTSON,                )
                                        )
                    Defendant.          )
                                        )

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Alton Travoye Robertson's Motion to Reconsider Indigency for Purposes of Appointment of Counsel [Doc. 43], filed on March 4, 2026. *See* 28 U.S.C. § 636(b). On February 6, 2026, following Defendant's then-Attorney Jason Terrel Johnson's ("Attorney Johnson's) failure to properly file pro hac vice materials, the Court provisionally appointed Assistant Federal Defender Nakeisha Jackson ("Attorney Jackson") to represent Defendant Robertson [Doc. 28 p. 1]. After the Court formally denied Attorney Johnson's pro hac vice motion, the Court ordered Defendant to obtain new counsel on or before March 11, 2026 [Doc. 40 p.3], noting that he would have to pay for compensation of Attorney Jackson because he did not qualify for Court appointed counsel [*id.* at n.3]. Defendant now seeks for the Court to reconsider the matter of indigency for purposes of appointment of counsel [Doc. 43 p. 1].

Defendant moves for the Court to review an amended financial affidavit and find that he qualifies for court appointed counsel [*Id.* at 2]. Defendant represents that he now has an "inability to retain private counsel based upon (1) his previous retainer of Attorney Johnson and (2) a change in financial circumstances based upon a change in his trucking company's operations" [*Id.* ¶ 4].

The parties appeared before the Court for a hearing on the motion on March 11, 2026. Assistant United States Attorney Keith Hollingshead-Cook appeared in person on behalf of the Government. Attorney Nakeisha Jackson appeared on behalf of Defendant, who was present telephonically.[1]

At the hearing, Defendant explained that he is self-employed and runs his own trucking company. He represented that two of his trucks are currently non-operational, that he has undergone financial difficulties and not been able to get the trucks repaired, and that as a result, he currently has no income. Defendant stated that he was three-months behind on his personal car payment and that the car was up for repossession if future payments were not made. Further, Defendant submitted that he had paid his previous attorney over $15,000.00, which had not yet been returned to him. Defendant represented that he took the Court's order to retain private counsel seriously, but that he has not been able to pay any of the retainers quoted by attorneys to whom he has spoken.

After review of Defendant's Form 4 Affidavit Accompanying Motion for Appointment of Counsel [Doc. 45 SEALED], the Court finds that he presently qualifies for court-appointed counsel.

Defendant's Motion to Reconsider Indigency for Purposes of Appointment of Counsel [Doc. 43] is **GRANTED**. The Court **APPOINTS** Attorney Jackson of the Federal Defender Services of Eastern Tennessee, Inc. as counsel of record for Defendant. The Court **DIRECTS** Attorney Jackson to provide the Court with quarterly updates on Defendant's financial status and file updated Form 4 Affidavits.

---

[1] Attorney Christopher Rogers and his client, Codefendant Ronald Edward Bryant, were also in attendance as the motion hearing was on the matter of Defendant Robertson's representation [Doc. 43] as well as Defendant Robertson's Motion to Continue [Doc. 33].

Accordingly, the Court **ORDERS**:

(1) Defendant Robertson's Motion to Reconsider Indigency for Purposes of Appointment of Counsel [Doc. 43] is **GRANTED**;

(2) Attorney Nakeisha Jackson is **APPOINTED** as counsel of record for Defendant; and

(3) Attorney Jackson **SHALL** file an updated Form 4 Affidavit reflecting Defendant's financial status on or before June 12, 2026, and on a quarterly basis thereafter.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3