# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-133-TAV-DCP |
| | ) | |
| ALTON T. ROBERTSON and | ) | |
| RONALD EDWARD BRYANT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Alton T. Robertson's Motion to Continue Trial Date and Relevant Deadlines [Doc. 33], filed on February 13, 2026, and Codefendant Ronald Edward Bryant's Objection to Continuance [Doc. 34], filed on February 13, 2026.

Defendant Robertson asks the Court to continue the current trial date, which is set for March 17, 2026, as well as the plea deadline, set for February 13, 2026, by ninety (90) days [*Id.*]. In support of his motion, Defendant Robertson states that his counsel has been involved in a good faith effort to resolve his case, but despite due diligence, additional time will be required to further communicate with his counsel and confer with the Government regarding a potential resolution in the matter [*Id.* ¶ 1]. Defendant Robertson understands that the period of time between the filing of his motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The motion represents that the Government has no opposition to the proposed continuance [*Id.* ¶ 4].

Codefendant Bryant filed an Objection to the Continuance and states that he invokes his right to a speedy trial and requests severance as an alternative to continuance [Doc. 34 p. 1].

In response, the Government asks the Court to deny Codefendant Bryant's motion to sever and argues that the Defendants are properly joined under Rule 8 of the Federal Rules of Criminal Procedure and that Codefendant Bryant is unable to carry his heavy burden of demonstrating a substantial, undue, or compelling prejudice that would justify severance under Rule 14 [Doc. 38 p. 1].

The Government maintains that Defendants are properly joined under Rule 8, as they are both charged in the same drug trafficking conspiracy [*Id.* at 3 (citing Doc. 3)]. Further, the Government notes that the proof of the substantive drug trafficking offenses against the Defendants also constitutes proof of the drug trafficking conspiracy and that a joint trial of the Defendants serves the weighty policy interests of justice and efficiency [*Id.*]. With regard to severance under Rule 14, the Government contends that Codefendant Bryant has failed to show "substantial, undue, or compelling prejudice" to a specific trial right that would overcome all the policy interests in a joint trial and that he "does not attempt to articulate any prejudice that he might suffer" [*Id.* (citing Doc. 34)]. The Government submits that the Court should continue to join Codefendant Bryant with Defendant Robertson and should continue the trial to allow Defendant Robertson's attorney sufficient time to prepare and preserve the interests in a joint trial [*Id.*].

Codefendant Bryant replies and argues that the specific prejudice is the fact that he has invoked his speedy trial rights and remains incarcerated while Defendant Robertson is out on release [Doc. 46 p. 1]. Codefendant Bryant submits that where a detained defendant has invoked his speedy trial rights and the delay results from a codefendant's need for additional preparation time, severance is the appropriate remedy to protect the defendant's liberty interests [*Id.* at 2].

2

Codefendant Bryant highlights that the Speedy Trial Act requires that criminal trials commence within seventy days of indictment, unless a valid exclusion applies [*Id.* at 3]. He argues that while delays attributable to codefendants may be excluded in calculating Speedy Trial Act deadlines, courts still retain discretion under Rule 14 to sever defendants when the resulting delay would become unfair [*Id.*]. Codefendant Bryant maintains that the unfairness here stems from the fact that he is detained while Defendant Bryant is free and seeking delay [*Id.*].

Codefendant Bryant maintains that severance is an appropriate remedy and that it would not prejudice the Government, as it can present its case against him in a separate trial using the same evidence it intends to introduce in the joint proceeding [*Id.* at 4].

## I.     BACKGROUND

On November 19, 2025, Defendants were indicted with offenses related to a drug trafficking conspiracy [Doc. 3] and had their initial appearances before this Court on January 6 and 7, 2026 [Docs. 9, 13]. Defendant Robertson's then-attorney Jason Terrel Johnson ("Attorney Johnson") failed to be admitted to practice before this Court [*see* Docs. 20, 37, 39]; accordingly, the Court appointed provisional counsel [*see* Doc. 28] and ordered Defendant Robertson to obtain new counsel on or before March 11, 2026 [*see* Doc. 40 p. 3]. On March 4, 2026, Defendant Robertson filed a Motion to Reconsider Indigency for Purposes of Appointment of Counsel and explained that his financial situation had changed such that he could no longer retain private counsel and asked to keep his provisionally appointed counsel [Doc. 43].

The Court held a motion hearing on the matter of Defendant Robertson's representation and his motion to continue, as well as Codefendant Bryant's objection on March 11, 2026. At the hearing, Defendant Robertson explained his change in financial circumstances such that he could no longer afford privately retained counsel, including issues with the trucking company that he

owns and the costs of attending previous Court hearings. The Court found there was sufficient basis to grant Defendant Robertson's Motion to Reconsider Indigency for Purposes of Appointment of Counsel [Doc. 43] and ordered Defendant's attorney to provide the Court with an update on Defendant's financial situation within three months.

As for the motion to continue, Defendant Robertson explained that the situation with his representation is unique given the issues with his previously-retained attorney. Defendant Robertson's attorney stated that given the volume of discovery and the short amount of time that she has been on the case in a limited capacity, a continuance of the trial date and related deadlines was needed in order to adequately prepare for trial.

In response, Codefendant Bryant made an oral motion for severance and argued there was a fairness issue, as he was incarcerated and Defendant Robertson was out on bond. He maintained that his individual rights outweighed the judicial economy and costs to the Government. Codefendant Bryant acknowledged that the requested ninety (90) day continuance was a fair request, but maintained his motion for severance, as he was ready to go to trial. Codefendant Bryant refused to waive his speedy trial rights.

The Government responded to Codefendant Bryant's objection and contended that Codefendant Bryant had failed to show an actual, defense-related prejudice that he would suffer if the Court were to deny severance. The Government submitted that the remedy of severance was extreme and that more commonly, defendants in situations like Codefendant Bryant's would request a detention hearing or release on bond. Further, the Government noted that Codefendant Bryant's statutory speedy trial rights had been observed and that the seventy-day deadline had not been violated. Overall, the Government maintained that it was reasonable for the Court to continue

4

trial with joint defendants, when one of those defendants needed the additional time to prepare for trial.

In reply, Codefendant Bryant again asked for the trial to proceed on March 17, 2026, and informed the Court that it had the discretionary option to sever.

## II.     ANALYSIS

The issues before the Court lie at the intersection of the right to a speedy trial and the right to a fair trial. "When 'multiple defendants are charged together and no severance has been granted, one speedy trial clock governs.'" *United States v.* Grant, No. 3:21-CR-44, 2022 WL 2116409, at *2 (W.D. Ky. June 13, 2022). Excluded from the speedy trial clock is "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6) (emphasis added). Here, an oral motion to sever is pending and must be addressed. Accordingly, the Court turns to that issue first.

### A.     Motion to Sever

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 14 provides, however, that if the proper joinder of defendants "appears to prejudice a defendant, the court may order separate trials . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In order to prevail on a Rule 14 motion for severance, a defendant must show "compelling, specific, and actual prejudice." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (internal quotation marks and citations omitted). Such a prejudice must consist of a

"serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The defendant bears the burden of proving prejudice. *United States v. Smith*, 138 F. App'x 775, 781 (6th Cir. 2005). There is a strong preference "for joint trials of defendants who are indicted together," as "[j]oint trials play a vital role in the criminal justice system" by "promot[ing] efficiency and serv[ing] the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537 (internal quotations omitted). This strong policy preference for joint trials is even stronger where defendants are charged with participating in the same conspiracy. *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993). Severance is discretionary, as "[t]he resolution of a Rule 14 motion is left to the sound discretion of the trial court." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006).

Codefendant Bryant has not shown a serious risk that a joint trial would compromise a specific trial right or would prevent the jury from making a reliable judgment about guilt or innocence. Rather, his sole contention regarding specific prejudice is that he is incarcerated and that Defendant Robertson is out on bond. Here, Defendant will have been detained for six and one-half months by the time of the proposed new trial date. This falls well short of the one-year threshold that triggers a speedy trial analysis. *United States v. Allen*, 86 F.4th 295, 304 (6th Cir. 2023) (observing that when the length of delay exceeds one-year, an evaluation of the remaining three factors in *Barker v. Wingo*, 407 U.S. 514, 530, 533 (1972) is triggered), *cert. denied*, 144 S. Ct. 2621 (2024) (citing *Doggett v. United States*, 505 U.S. 647, 652 (1992)) (other citations omitted). "'[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated.'" *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001) (quoting *United States v. DeJesus*, 887 F.2d 114, 116 (6th Cir.

6

1989)). Codefendant Bryant has failed to show a serious risk that a joint trial would compromise one of his specific trial rights.[1] Accordingly, in light of the strong preference for defendants charged with participating in the same conspiracy, the Court denies Codefendant Bryant's oral motion for severance.

### B. Continuance

The Speedy Trial Act requires that a criminal defendant be brought to trial within seventy (70) days of the latter of the filing of the indictment or the date of the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). The Act, however, excludes from the speedy trial calculus certain enumerated periods of delay, such as delay resulting from a continuance when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). Moreover, "[w]hen 'multiple defendants are charged together and no severance has been granted, one speedy trial clock governs.'" *Grant*, 2022 WL 2116409, at *2 (quoting *Cope*, 312 F.3d at 776); 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.").

Here, the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In

---

[1] Codefendant Bryant's contention is that his prejudice is that he is incarcerated while Defendant Robertson is released and requesting a continuance. There is no suggestion that his continued incarceration has in any way limited defense counsel's ability to prepare for trial or otherwise impaired the defense. *See generally United States v. Thirion*, 813 F.2d 146, 154 (8th Cir. 1987) (finding no Sixth Amendment speedy trial violation where the defendant complained that his continued incarceration prejudiced his defense but failed "to explain how a speedy trial would have ameliorated the prejudice"). Accordingly, Codefendant Bryant has failed to establish that he has suffered from "trial prejudice." *See United States v. Felix*, No. 1:17-CR-009, 2019 WL 2027226, at *10 (S.D. Ohio May 8, 2019) (distinguishing between trial prejudice and non-trial prejudice).

7

making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Robertson the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant Robertson needs time to review discovery, communicate with Defendant, and otherwise prepare for trial. Moreover, the Court finds that Defendant Robertson's reason for needing a trial continuance to work with counsel is reasonable. *See id.* § 3161(h)(6). The Court finds that all of this cannot occur before the March 17, 2026 trial date.

## III. CONCLUSION

The Court therefore **GRANTS** Defendant Alton T. Robertson's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 33**] and **DENIES** Codefendant Ronald Edward Bryant's oral Motion for Severance. The trial of this case is reset to **June 23, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motion on February 13, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(6), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Alton T. Robertson's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 33**] is **GRANTED**;

(2) Codefendant Ronald Edward Bryant's oral Motion for Severance is **DENIED**;

(3) the trial of this matter is reset to commence on **June 23, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

8

(4) all time between the filing of the motion on **February 13, 2026**, and the new trial date of **June 23, 2026**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(5) the deadline for the parties to file a plea agreement in the record and to produce reciprocal discovery is **May 22, 2026**;

(6) the deadline for motions in limine is **June 8, 2026**. The deadline for responses to motions in limine is **June 16, 2026**;

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 12, 2026**; and

(8) the parties are to appear before the undersigned for a final pretrial conference on **June 4, 2026, at 1:00 p.m.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

9