UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-133-TAV-DCP |
| | ) | |
| ALTON T. ROBERTSON and | ) | |
| RONALD EDWARD BRYANT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Alton T. Robertson's Motion to Continue Trial Date and Relevant Deadlines ("Motion to Continue") [Doc. 53], filed on May 26, 2026, and Codefendant Ronald Edward Bryant's Motion to Enforce Speedy Trial Rights, Objection to Continuance, and Motion for Severance [Doc. 57], filed on May 27, 2026.

Defendant Robertson asks the Court to continue the current trial date, which is set for June 23, 2026, as well as the plea deadline, set for May 22, 2026 [Doc. 53]. In support of his motion, Defendant Robertson states that his counsel has been involved in a good faith effort to resolve his case, but despite due diligence, additional time will be required to further communicate with his counsel and confer with the Government regarding a potential resolution in the matter [*Id.* ¶ 1]. Defendant Robertson represents that his counsel recently received supplemental discovery from the Government [*Id.* ¶ 2]. Defendant Robertson submits that additional time is needed for his counsel to travel to Houston, Texas, to meet with him [*Id.* ¶ 3]. Defendant Robertson understands that the period of time between the filing of his motion for continuance and a rescheduled court

date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].[1] The motion represents that the Government has no opposition to the proposed continuance [*Id.* ¶ 4].[2]

Codefendant Bryant filed an Objection to the Continuance and states that he invokes his right to a speedy trial and requests severance as an alternative to continuance [Doc. 56 p. 1]. Codefendant Bryant also filed a Motion to Enforce Speedy Trial Rights, Objection to Continuance, and Motion for Severance [Doc. 57]. Codefendant Bryant asks the Court to deny the requested continuance, enforce his Speedy Trial Rights, and sever his case for trial if necessary to protect those rights [*Id.* at 1]. Codefendant Bryant claims that he is suffering ongoing prejudice through continued detention, impairment of defense preparation, anxiety, and restriction of liberty [*Id.* ¶ 10]. Codefendant Bryant contends that severance would be an appropriate remedy, as any judicial economy gained through joint trial is outweighed by the substantial prejudice to him caused by continued incarceration and repeated delays over his objection [*Id.* ¶ 15].

In response, the Government asks the Court to deny Codefendant Bryant's motion to enforce his speedy trial rights and to sever and argues that the Defendants are properly joined under Rule 8 of the Federal Rules of Criminal Procedure and that Codefendant Bryant is unable to carry his heavy burden of demonstrating a substantial, undue, or compelling prejudice that would justify severance under Rule 14 [Doc. 61 p. 1]. The Government highlights that this is the second time Codefendant Bryant has raised an objection to a continuance and asked to sever, and that the Court had previously determined that he had failed to carry his heavy burden to demonstrate prejudice to any specific trial right [*Id.* (citing Doc. 50 p. 7)]. The Government contends that Codefendant

---

[1]    The Court notes that the paragraphs in Defendant Robertson's Motion to Continue are misnumbered [*See* Doc. 53]. If the paragraphs were to be numbered correctly, this would be ¶ 5.

[2]    As noted previously, this paragraph should be numbered ¶ 6.

Bryant continues to rely on the same argument, that he is prejudiced in general by delay and pretrial incarceration [*Id.*]. Further, the Government notes that Codefendant Bryant has been in custody for a total of about five months, less than the twelve-month threshold that calls for speedy trial analysis [*Id.* (citing Doc. 50 p. 6)]. Again, the Government asserts that Codefendant Bryant has failed to overcome the strong preference for joint trials, and asks that if the Court grants Defendant Robertson's motion to continue, that Codefendant Bryant's motion to sever be denied [*Id.* at 1–2].

Codefendant Bryant replies and posits that the Government's Response appears to argue that unless Codefendant Bryant remains in custody for a year, his request for a Speedy Trial is futile [Doc. 63 p. 1]. Codefendant Bryant maintains that severance is an option and that he has identified concrete and substantial prejudice resulting from continued joinder, as he remains incarcerated pending trial [*Id.*].

## I.     BACKGROUND

On November 19, 2025, Defendants were indicted with offenses related to a drug trafficking conspiracy [Doc. 3] and had their initial appearances before this Court on January 6 and 7, 2026 [Docs. 9, 13]. Defendant Robertson's then-attorney Jason Terrel Johnson failed to be admitted to practice before this Court [*see* Docs. 20, 37, 39]; accordingly, the Court appointed provisional counsel [*see* Doc. 28] and ordered Defendant Robertson to obtain new counsel on or before March 11, 2026 [*see* Doc. 40 p. 3]. On March 4, 2026, Defendant Robertson filed a Motion to Reconsider Indigency for Purposes of Appointment of Counsel and explained that his financial situation had changed such that he could no longer retain private counsel and asked to keep his provisionally appointed counsel [Doc. 43].

The Court held a motion hearing on the matter of Defendant Robertson's representation and his motion to continue, as well as Codefendant Bryant's objection to the requested continuance

on March 11, 2026. At the hearing, the Court found there was sufficient basis to grant Defendant Robertson's Motion to Reconsider Indigency for Purposes of Appointment of Counsel [Doc. 43] and ordered Defendant's attorney to provide the Court with an update on Defendant's financial situation within three months.

After the hearing, the Court found that Codefendant Bryant had not shown a serious risk that a joint trial would compromise a specific trial right or would prevent the jury from making a reliable judgment about guilt or innocence [Doc. 50 pp. 6–7]. Further, the Court found the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial [*Id.* at 7–8].

On May 26, 2026, Defendant Robertson filed the instant motion to continue [Doc. 53], and as noted above, Codefendant Bryant again responded in opposition [Doc. 56], as well as filed a motion raising his Speedy Trial rights, and requesting severance [Doc. 57]. On June 4, 2026, the Court held a hearing on the motions. Assistant United States Attorneys Keith Hollingshead-Cook and Miriam Johnson appeared on behalf of the Government. Federal Defender Nakeisha Jackson appeared on behalf of Defendant Robertson, who appeared telephonically. Attorney Christopher Rodgers appeared on behalf of Codefendant Bryant, who was also present.

At the hearing, Defendant Robertson's counsel raised that the case was still fairly new and that she was continuing to receive discovery from the Government. She further represented that she was engaged in conversations with the Government and intended to continue those conversations, whether or not they resulted in a resolution.

Codefendant Bryant acknowledged that he was raising the same argument as before, and characterized it as a fundamental fairness argument: that he is in custody while Defendant

4

Robertson is out on bond.[3] Codefendant Bryant contended that because he was incarcerated, his interest in going to trial were heightened. Codefendant Bryant submitted that severance was an option for the Court to consider in its discretion if the Court were to grant the continuance.

The Government submitted that it was neutral on the request for continuance, but that it had a strong position against Codefendant Bryant's request for severance. The Government maintained, as argued and ruled on previously by the Court, that Codefendant Bryant failed to show a strong and compelling interest or prejudice that would result from having a joint trial. The Government represented that there was a strong interest in having a joint trial, as it would prevent duplication of the resources of the Court and would otherwise be inappropriate here. The Government asked that the Defendants remain joined.

Codefendant Bryant replied that severance and Speedy Trial rights go hand-in-hand, and that here, they outweigh any cost to the Government.

## II. ANALYSIS

The issues before the Court lie at the intersection of the right to a speedy trial and the right to a fair trial. "When 'multiple defendants are charged together and no severance has been granted, one speedy trial clock governs.'" *United States v.* Grant, No. 3:21-CR-44, 2022 WL 2116409, at *2 (W.D. Ky. June 13, 2022). Excluded from the speedy trial clock is "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6) (emphasis added).

---

[3]     Codefendant Bryant also acknowledged his pending First Motion for Hearing Related to Pretrial Detention [Doc. 58] for which the Court notes it has ordered him to coordinate with the United States Probation Office, so that an amended pretrial services report may be prepared and a hearing scheduled [Doc. 60].

Here, a motion to sever is pending and must be addressed. Accordingly, the Court turns to that issue first.

### A. Motion to Sever

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 14 provides, however, that if the proper joinder of defendants "appears to prejudice a defendant, the court may order separate trials . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). In order to prevail on a Rule 14 motion for severance, a defendant must show "compelling, specific, and actual prejudice." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (internal quotation marks and citations omitted). Such a prejudice must consist of a "serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Whether to grant severance or to fashion some other remedy is a matter of the Court's discretion. *United States v. Gjokaj*, 555 F. App'x 581, 587 (6th Cir. 2014) (citing *Zafiro*, 506 U.S. at 538–39).

The defendant bears the burden of proving prejudice. *United States v. Smith*, 138 F. App'x 775, 781 (6th Cir. 2005). There is a strong preference "for joint trials of defendants who are indicted together," as "[j]oint trials play a vital role in the criminal justice system" by "promot[ing] efficiency and serv[ing] the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537 (internal quotations omitted). This strong policy preference for joint trials is even stronger where defendants are charged with participating in the same conspiracy. *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993). Severance is discretionary, as "[t]he

6

resolution of a Rule 14 motion is left to the sound discretion of the trial court." *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006).

The Court finds that Codefendant Bryant has again failed to show a serious risk that a joint trial would compromise a specific trial right or would prevent the jury from making a reliable judgment about guilt or innocence. Rather, his main contention regarding specific prejudice is that he is incarcerated and that Defendant Robertson is out on bond. Here, Codefendant Bryant has been in custody for approximately five months and will have been detained for almost eleven months by the time of the proposed new trial date. Both periods of time fall short of the one-year threshold that triggers a speedy trial analysis. *United States v. Allen*, 86 F.4th 295, 304 (6th Cir. 2023) (observing that when the length of delay exceeds one-year, an evaluation of the remaining three factors in *Barker v. Wingo*, 407 U.S. 514, 530, 533 (1972) is triggered), *cert. denied*, 144 S. Ct. 2621 (2024) (citing *Doggett v. United States*, 505 U.S. 647, 652 (1992)) (other citations omitted). "'[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to speedy trial has been violated.'" *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001) (quoting *United States v. DeJesus*, 887 F.2d 114, 116 (6th Cir. 1989)). Codefendant Bryant has failed to show a serious risk that a joint trial would compromise one of his specific trial rights.[4] Accordingly, in light of the strong preference for defendants

---

[4]     Although Codefendant Bryant contends that his prejudice lies in being incarcerated while Defendant Robertson is released and requesting a continuance and suggests that the continuance would result in impairment of defense preparation, he does not explain how or what the impairment would be. Codefendant Bryant has failed to show that a continuance in any way limited defense counsel's ability to prepare for trial or otherwise impaired the defense. *See generally United States v. Thirion*, 813 F.2d 146, 154 (8th Cir. 1987) (finding no Sixth Amendment speedy trial violation where the defendant complained that his continued incarceration prejudiced his defense but failed "to explain how a speedy trial would have ameliorated the prejudice"). Accordingly, Codefendant Bryant has failed to establish that he has suffered from "trial prejudice." *See United States v. Felix*, No. 1:17-CR-009, 2019 WL 2027226, at *10 (S.D. Ohio May 8, 2019) (distinguishing between trial prejudice and non-trial prejudice).

7

charged with participating in the same conspiracy, the Court denies Codefendant Bryant's motion for severance.

**B.      Continuance**

The Speedy Trial Act requires that a criminal defendant be brought to trial within seventy (70) days of the latter of the filing of the indictment or the date of the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). The Act, however, excludes from the speedy trial calculus certain enumerated periods of delay, such as delay resulting from a continuance when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," § 3161(h)(7)(A). Moreover, "[w]hen 'multiple defendants are charged together and no severance has been granted, one speedy trial clock governs.'" *Grant*, 2022 WL 2116409, at *2 (quoting *Cope*, 312 F.3d at 776); 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.").

Here, the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant Robertson the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant Robertson needs time to review discovery, communicate with Defendant, continue conversations with the Government, and otherwise prepare for trial. *See id.* § 3161(h)(6). The Court finds that all of this cannot occur before the June 23, 2026 trial date.

8

## III. CONCLUSION

The Court therefore **GRANTS** Defendant Alton T. Robertson's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 53**] and **DENIES** Codefendant Ronald Edward Bryant's Motion to Enforce Speedy Trial Rights, Objection to Continuance, and Motion for Severance [**Doc. 57**]. The trial of this case is reset to **December 1, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motion on May 26, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(6), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Alton T. Robertson's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 53**] is **GRANTED**;

(2) Codefendant Ronald Edward Bryant's Motion to Enforce Speedy Trial Rights, Objection to Continuance, and Motion for Severance [**Doc. 57**] is **DENIED**;

(3) the trial of this matter is reset to commence on **December 1, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) all time between the filing of the motion on **May 26, 2026**, and the new trial date of **December 1, 2026**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(5) the deadline for the parties to file a plea agreement in the record and to produce reciprocal discovery is **October 30, 2026**;

(6) the deadline for motions in limine is **November 16, 2026**. The deadline for responses to motions in limine is **November 24, 2026**;

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 20, 2026**; and

9

(8) the parties are to appear before the undersigned for a final pretrial conference on **November 17, 2026, at 11:00 a.m.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

10